IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Nos. 5:09-CR-95-FL-1
5:14-CV-841-FL

| LEWIS ALSTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate filed on November 18, 2014, and Petitioner's motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) filed on January 12, 2015. The government has moved to dismiss Petitioner's § 2255 motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and Petitioner has responded. The government has also moved to dismiss Petitioner's motion for reduction of his sentence as moot. This matter has been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that the government's motions be granted and that Petitioner's claims be dismissed for failure to state a claim.

**STATEMENT OF THE CASE**

On November 9, 2009, Petitioner pled guilty to one count of possession with the intent to distribute five grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), and one count of maintaining a dwelling for the purpose of distributing and using cocaine base (crack),

in violation of 21 U.S.C. § 856(a)(1). On May 11, 2010, the court sentenced Petitioner to a 150-month term of imprisonment and 8-years' supervised release. Petitioner appealed his sentence, and the Fourth Circuit remanded for resentencing in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *United States v. Alston*, 447 F. App'x 498 (2011). On December 12, 2011, Petitioner was resentenced to 120-months' imprisonment and 5-years' supervised release. Petitioner again appealed his sentence, and the Fourth Circuit affirmed the district court in a published opinion on July 17, 2013. *United States v. Alston*, 722 F.3d 603 (4th Cir. 2013). Petitioner filed a petition for rehearing en banc, which the Fourth Circuit denied on August 21, 2013. Petitioner thereafter filed a petition for writ of certiorari, which the Supreme Court denied on December 9, 2013. *Alston v. United States*, 134 S. Ct. 808 (2013).

Petitioner timely filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and, on January 12, 2015, filed a separate motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 750 to the United States Sentencing Guidelines. Thereafter, Petitioner, through counsel, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the United States Sentencing Guidelines. On May 20, 2015, the court granted Petitioner's 782 motion and reduced his sentence to 91 months' imprisonment.

## **DISCUSSION**

In Petitioner's § 2255 motion, he asserts that his sentence is unconstitutional in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and that his counsel was ineffective for not raising *Alleyne* during his second appeal. Petitioner additionally requests the court to reduce his sentence pursuant to Amendment 750 to the United States Sentencing Guidelines.

**I.     § 2255**

   **a.     *United States v. Alleyne***

Petitioner first contends that *Alleyne* should have been applied to his case during his second appeal. *Alleyne* was decided on June 17, 2013, and held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155. The Fourth Circuit decided Petitioner's second appeal on July 17, 2013 affirming the district court's re-sentencing of Petitioner. At Petitioner's re-sentencing, the court determined the advisory guideline range to be 70-87 months, granted the government's motion for upward departure, and imposed a sentence of 120 months. On appeal, the Fourth Circuit held that the court erred in not retroactively applying the Fair Sentencing Act ("FSA") but nevertheless affirmed the district court's judgment. In doing so, the Fourth Circuit noted that the sentence imposed was within the statutory minimum and maximum (even after the FSA applied) and found that any error was harmless in light of the court's express statement that it would have imposed the same sentence "regardless of the advice of the guidelines." (Tr. 23 [DE #70].)

Petitioner receives no relief from *Alleyne*. As a result of the FSA, Petitioner should have been (and was) sentenced in the penalty range of § 841(b)(1)(C), which carries a statutory range of between zero and 20 years' imprisonment. The court's sentencing decision was not affected by any finding of a mandatory minimum sentence but was instead based upon the court's determination that an upward departure was warranted based upon the danger Petitioner posed to the community.

   **b.     Ineffective Assistant of Counsel**

Next, Petitioner asserts that his attorney was ineffective for failing to address *Alleyne* at his second appeal. To establish ineffective assistance of counsel, a petitioner must show that counsel's

3

representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. In the context of a plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

As demonstrated above, Petitioner's sentence would not have been reduced had *Alleyne* been addressed on appeal. As such, Petitioner has not shown the requisite prejudice for ineffective assistance of counsel. Moreover, Petitioner has not demonstrated that his attorney acted unreasonably. Petitioner was sentenced well above what the sentencing court determined to be his statutory minimum. *Alleyne* had not been decided as of the time the briefs were submitted or oral arguments had occurred. Petitioner's attorney made the strategic decision to attack Petitioner's sentence pursuant to the FSA. Thus, Petitioner has not demonstrated that his attorney acted unreasonably.

## II. Amendment 750

Lastly, Petitioner seeks a reduction of his sentence under Amendment 750 of the United States Sentencing Guidelines. Amendment 750 amended the drug quantity table in § 2D1.1(c) so as to reduce the offense levels applicable to crack cocaine cases in order to make the Sentencing Guidelines consistent with the Fair Sentencing Act. *See* U.S.S.G. App. C, Amend. 750 (effective

4

Nov. 1, 2011). Amendment 750 was made retroactive by Amendment 759. *See* U.S.S.G. App. C, Amend. 759. Pursuant to 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the court to reduce his sentence. The court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Here, the Fourth Circuit found error in the court's refusal to apply the FSA retroactively, but determined that such error was harmless because the court stated that it would have imposed the same sentence "regardless of the advice of the guidelines." The court was explicit in its reasoning for sentencing Petitioner to 120 months' imprisonment, which was above Petitioner's guideline range, but within the statutory range, at resentencing. Although Amendment 750 would have the effect of lowering Petitioner's guidelines range, the sentencing court explicitly found that a sentence of 120 months' imprisonment was required in order to adequately address the factors set forth in 18 U.S.C. § 3553(a). Because the sentencing court sentenced Petitioner outside of his guideline range, applying Amendment 750 to reduce Petitioner's guideline range would have no effect in reducing his sentence. Furthermore, it is noted that Petitioner has since received a twenty-nine month reduction in his sentence pursuant to Amendment 782. Accordingly, it is recommended that Petitioner's 750 motion be denied.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's motions to dismiss [DE #86 & #94] be GRANTED and Petitioner's motions [DE #82 & #89] be DISMISSED failure to state a claim upon which relief can be granted.

5

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until April 11, 2016, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 25th day of March 2015.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge