IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-95-FL-1
NO. 5:14-CV-841-FL

| | | |
|---|---|---|
| LEWIS ALSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DE 82); petitioner's motion to reduce sentence pursuant to Amendment 750 (DE 89); and the government's motions to dismiss (DE 86, 94). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R") (DE 102), wherein it is recommended that the court deny petitioner's motions and grant respondent's motions. Petitioner timely filed objections to the M&R. Thus, the issues raised are ripe for ruling. For the following reasons, the court grants adopts the recommendation of the M&R, denies petitioner's motions, and grants respondent's motions.

## BACKGROUND

On November 9, 2009, petitioner pled guilty to one count of possession with the intent to distribute five grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), and one count of maintaining a dwelling for the purpose of distributing and using cocaine base (crack), in violation of 21 U.S.C. § 856(a)(1). On May 11, 2010, the court sentenced petitioner to a 150-month

term of imprisonment and 8-years' supervised release. Petitioner appealed his sentence, and the Fourth Circuit remanded for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). United States v. Alston, 447 F. App'x 498 (2011). On December 12, 2011, petitioner was resentenced to 120-months' imprisonment and 5-years' supervised release. Petitioner again appealed his sentence, and the Fourth Circuit affirmed on July 17, 2013. United States v. Alston, 722 F.3d 603 (4th Cir. 2013). Petitioner filed a petition for rehearing en banc, which the Fourth Circuit denied on August 21, 2013. Petitioner thereafter filed a petition for writ of certiorari, which the Supreme Court denied on December 9, 2013. Alston v. United States, 134 S. Ct. 808 (2013).

Petitioner timely filed the instant motion to vacate and, on January 12, 2015, filed a separate motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon Amendment 750 to the United States Sentencing Guidelines. In petitioner's § 2255 motion, he asserts that his sentence is unconstitutional in light of Alleyne v. United States, 133 S. Ct. 2151 (2013), and that his counsel was ineffective for not raising Alleyne during his second appeal. Petitioner additionally requests the court to reduce his sentence pursuant to Amendment 750 to the United States Sentencing Guidelines.

In the meantime, petitioner, through counsel, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the United States Sentencing Guidelines. On May 20, 2015, the court granted Petitioner's 782 motion and reduced his sentence to 91 months' imprisonment.

2

Case 5:09-cr-00095-FL   Document 105   Filed 07/15/16   Page 2 of 6

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

In his objections to the M&R petitioner argues generally that the M&R erred in its analysis of petitioner's claim to vacate his term of imprisonment, pursuant to Alleyne, and to reduce his sentence of imprisonment, pursuant to Amendment 750. Upon careful review of the record and the M&R, the court adopts and incorporates herein the analysis of the M&R regarding petitioner's term of imprisonment.

The court writes separately to address petitioner's specific argument challenging his 5-year term of supervised release. Petitioner argues that the court must vacate his 5-year term of supervised release because the court applied at sentencing a 5-year mandatory minimum term of supervised release that was rendered unconstitutional in light of the Fair Sentencing Act.

Petitioner's argument regarding supervised release is flawed in several respects. First, the court did not apply at sentencing a 5-year mandatory minimum term of supervised release. Rather, the court applied what it considered to be a 5-year maximum term of supervised release. (See DE 70, Tr. 3 ("Your behavior can be supervised for up to five years when you get out of prison"); 25 (noting that the "supervised release range" is five years)).

Second, to the extent the court considered an incorrect statutory range for supervised release, the court nonetheless imposed a term of supervised release within the correct statutory range under the Fair Sentencing Act. As the Fourth Circuit noted on appeal, the statute of conviction "provides for a minimum of three years' supervised release and 'does not cap the period of supervised release that a district court may impose.'" Alston, 722 F.3d at 606 n.4 (quoting United States v. Pratt, 239 F.3d 640, 647 (4th Cir.2001); citing 21 U.S.C. § 841(b)(1)(C)). Because petitioner's term of supervised release was within the correct statutory range, his claim is not cognizable under collateral

4

review. See United States v. Foote, 784 F.3d 931, 935 (4th Cir. 2015) (challenge to sentence below statutory maximum was not cognizable on collateral review).

Third, and in any event, any error by the court in consideration of the guidelines range or statutory range was harmless because the court had good reason to impose a term of supervised release above the minimum term available. At sentencing, the court departed upwardly from the top of the guideline range based upon a number of considerations described by the court:

> [T]he guideline range . . . doesn't adequately capture this defendant's likelihood to recidivate and the danger that he presents. . . . [T]his defendant is facing his fourth term of incarceration and the Court notes at a very minimal education, a very limited employment history, that you have lived with your girlfriend for the past four years and lived off of her, I would suggest. You enlisted in the Army National Guard and that you went AWOL and ultimately received a less than an honorable discharge.
>
> Focusing on the fact that for a very extensive period you have been dealing in drugs and doing this type of crime and not been deterred by your contact with the criminal justice system and not demonstrated any, not demonstrated appropriate compliance with the supervisory conditions, the Court is compelled to conclude that [upward departure is allowed].
>
> . . . . [A] greater sentence is one that complies with [the 18 U.S.C. § 3553] factors and is needed in this case to discourage your criminal conduct and to protect the public from you.

(DE 70, Tr. 19-20). These same considerations strongly support a 5-year term of supervised release instead of the 3-year term suggested by the guidelines. See § 5D1.2(a)(2) & (c). In addition, in light of the foregoing, petitioner cannot establish prejudice to support a claim for ineffective assistance of appellate counsel for failing to argue timely this claim upon appeal.

Accordingly, petitioner's claims for correction of his sentence, and for sentence reduction, must be dismissed.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge. The government's motions to dismiss (DE 86, 94) are GRANTED, and petitioner's motions (DE 82, 89) are DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of July, 2016.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge